APPENDIX A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2604-CMA-MJW

NUCOMPASS MOBILITY SERVICES INC.,
a Delaware corporation,

        Plaintiff,

    v.

NCOMPASS MOBILITY (S) PTE LTD,
a Singapore corporation,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER ( *Docket No. 32-1* )

---

The parties jointly stipulate to and petition the Court to enter the following proposed Stipulated Protective Order.

THIS MATTER having come before the Court pursuant to the stipulation of the parties, and the Court being fully advised in the premises, it is hereby ORDERED as follows:

### Introduction

1. *Generally.* Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, Plaintiff NuCompass Mobility Services

Inc. and Defendant NCompass Mobility (S) Pte Ltd. hereby stipulate pursuant to Federal Rule of Civil Procedure 26(c) to entry of the following Stipulated Protective Order, subject to the Court's approval.

2.      *Purpose.*   Each party seeks to protect any competitive advantage and avoid undue harm by preventing disclosure of sensitive proprietary information to the public or the other parties.   The parties accordingly propose this Order to facilitate settlement, discovery and pretrial preparation processes, by avoiding the need for seriatim motions to the Court for protective orders covering specifically identified materials.

3.      *Limitation.*   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information that is entitled under applicable legal principles and factual circumstances to treatment as confidential.

4.      *Applicability.*   The confidentiality provisions of this Order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as Confidential Information in connection with this action.

5.      *Third Parties.*   The terms "disclosing party" and "producing party" include, not only the parties to this action, but also third parties who may disclose or produce information, *e.g.,* in response to a subpoena.

## Definitions

6.  *Confidential Information.* "Confidential Information" means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, contained in a document, revealed during a deposition, revealed in an interrogatory answer, or otherwise: (a) that is designated in good faith as such by the producing party; (b) that constitutes or contains a trade secret or other confidential research, development, commercial, or financial information; and (c) disclosure of which (i) is likely to have the effect of harming the competitive position of the producing party, (ii) would violate an obligation of confidentiality to a third party, including a Court, or (iii) otherwise would be inconsistent with the standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

7.  *Designating Party.* "Designating Party" means a party or non-party who, pursuant to discovery or settlement negotiations in this action, designates information or items that he, she, or it produces as: "Confidential – Outside Counsels' Eyes Only," or "Confidential."

8.  *Designated Material.* "Designated Material" means any thing or information that is designated as "Confidential – Outside Counsels' Eyes Only" or "Confidential" by the Designating Party who produced it. A Designating Party may not designate any material unless it is properly subject to and qualifies for the protections provided by this Order under the standards of the Federal Rules of Civil Procedure, the Local Rules, the Court's orders, and applicable case law.

9.  *Designated Representative.* "Designated Representative" means one or

more of up to three employees of each party, so long as such person has executed an Undertaking in the form of Exhibit B (attached) and has been approved under Paragraph 16(b) of this Order.  Such persons must have specialized knowledge or experience in a matter pertinent to this litigation, or be an officer, managing agent or principal needing to know about certain Designated Material.

## Designation of Material

10.   *Labeling of Documents.*  Any Designating Party shall have the right to designate appropriate documents and information produced in discovery or in settlement discussions in this action as "Confidential – Outside Counsels' Eyes Only" or "Confidential."  Designation should be made, where practical, by marking each page of a document, each separate part of component of a thing, each electronic file, each electronic storage medium, or each separate item of other material in a conspicuous manner.  If it is not practical to so mark the material, designation should be made by marking a container for or a tag attached to the material.  Information that is not in documentary or other tangible form, or that cannot be conveniently labeled, shall be designated and/or categorized by the Designating Party in a writing provided to the receiving party at the time of production.  Counsel shall not designate any material as "Confidential – Outside Counsels' Eyes Only" or "Confidential" without first making a good faith determination that such protection is warranted.

11.   *Confidential – Outside Counsels' Eyes Only.*  Any Designating Party shall have the right to designate as "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" any material containing Confidential Information that has been subject to reasonable

efforts to maintain its confidentiality, and that constitutes or contains highly sensitive financial information, ongoing research and development projects, or other information that will harm its competitive position if it becomes publicly known or known to another party or competitor or there would be a substantial risk of competitive harm if such information became known by a Designated Representative. Such materials may include but are not limited to the following, where appropriate:

      a.    business and/or marketing plans;

      b.    financial data and pricing information that has not been made public;

      c.    product development and design information that has not been made public;

      d.    trade secrets;

      e.    proprietary engineering information;

      f.    competitor market analyses;

      g.    customer lists and identifying information;

      h.    supplier lists and identifying information;

      i.    distributor, supplier, and customer agreements and licenses;

      j.    sales information that has not been made public;

      k.    agreements with sales representatives, affiliates, customers, suppliers, and/or distributors; or

      l.    unpublished patent applications.

    12.   *Confidential.* Any Designating Party shall have the right to designate as

"CONFIDENTIAL" any material containing Confidential Information that has been subject to reasonable efforts to maintain its confidentiality, and that constitutes or contains confidential research, development, commercial, or financial information that is not publicly known or publicly available so long as that material qualifies for protections provided by this Order under the standards of the Federal Rules of Civil Procedure, the Local Rules, this Court's orders, and applicable case law.

13.     *Preliminary Designation of Documents Being Inspected.* In lieu of marking the original of a document or material prior to inspection, the Designating Party or its counsel may orally designate any document or other material being produced for inspection, thereby making it and the information it contains temporarily subject to this Order. After selection of the specified documents for copying by the inspecting party, the Designating Party shall mark either the original documents or the copies of the documents with the appropriate confidentiality marking when the copies are produced to the inspecting party.

14.     *Designation of Deposition Testimony.* The following procedures shall be followed if Confidential Information is discussed or disclosed in a deposition:

The Designating Party shall have the right to exclude from attendance at the deposition, during the time that the Confidential Information is to be discussed or disclosed, any person other than persons authorized by this Order to receive the Confidential Information, the deponent (and the deponent's counsel in the case of a separately-represented non-party), and the court reporter. The Designating Party shall request the court reporter to insert a statement regarding the confidentiality of the information into

the deposition transcript.  The Designating Party shall make this request on the record before the close of the deposition or within 30 days after the completion of the transcript.  Upon being informed that certain portions of a deposition are designated, each party shall cause each copy of the transcript in its possession, custody, or control to be marked in accordance with Paragraph 10 of this Order, to the extent not already marked by the court reporter.   Any deposition transcript designated under this paragraph shall be subject to all other paragraphs in this Order governing material so designated.

### Treatment of Designated Material

15. *Restrictions on use and disclosure.*  Except upon consent of the Designating Party or upon Court order, any and all Designated Materials produced, served, or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.  Designated Material shall not be used by any receiving party or disclosed to anyone for any purpose other than in connection with this action, and the disclosure of Designated Material by the receiving party to anyone other than those persons authorized to receive such material pursuant to this Order is expressly prohibited, unless and until the restrictions herein are removed by order of this Court or by consent of the Designating Party.

16. *Access to material or information designated CONFIDENTIAL.* Access to material or information designated as "Confidential" and to any portion of any transcript,

brief, affidavit, memorandum, or other paper that contains or reveals any material or information so designated, shall be limited to:

a.      the parties' in-house and outside counsel, and any of their legal assistants, paralegals, clerical employees, and other employees working under their supervision to whom disclosure is reasonably necessary for purposes of this case;

b.      up to three Designated Representatives for each party who, prior to receipt of or access to any material or information designed CONFIDENTIAL, shall sign an Undertaking as set forth in Exhibit B attached hereto, and shall have been previously approved by the other parties, whose approvals shall not unreasonably be withheld;

c.      experts or consultants retained to assist counsel in this case who become qualified to receive Designated Material under this Order in accordance with Paragraph 18 below and who agree that any assistants, stenographic and clerical employees working under their supervision shall not be permitted to make any use or disclosure of Designated Material that they could not themselves use;

d.      court reporters involved in transcribing depositions or other proceedings in this litigation, provided that they are allowed access to Designated Material only to the extent necessary to perform their duties;

e.      independent professional vendors who are not affiliated with any party and who are engaged by outside counsel of record to perform

clerical-type services in connection with this litigation, *e.g.*, photocopying, imaging, computer data entry, electronic discovery production or processing, preparation of summaries or graphics, and the like, provided that they have access to Designated Material only to the extent necessary to perform their duties

    f.    independent professional jury or trial consultants who are not affiliated with any party and who are engaged by outside counsel of record;

    g.    any author or recipient of the material;

    h.    the Court and Court personnel involved with this case; and

    i.    any person to whom the Designating Party agrees.

Outside counsel of record shall retain all executed Undertakings and make copies available upon request to outside counsel of record for any other party.

    17.    *Access to material or information designated CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.* Access to material or information designated "Confidential – Outside Counsels' Eyes Only" and to any portion of any transcript, brief, affidavit, memorandum, or other paper that contains or reveals any material or information so designated will be treated at least in accordance with Paragraph 16 and will be subject to the following additional restriction:

    a.    Parties, officers, and employees of the receiving parties or receiving parties (including any Designated Representatives and in-house legal personnel) shall not be provided access to or otherwise receive any

such material or information.

18.     *Experts or consultants.*  Experts or consultants may become qualified to receive material or information designated under this Order provided they meet the following criteria and in accordance with the following procedure:

a.     Such expert or consultant may not be and may not during the preceding 36 months have been, and no member of such expert's or consultant's clerical staff who may have access to Designated Materials may be or may during the preceding 36 months have been an officer, director, or employee of, a consultant to, or otherwise the recipient, directly or indirectly, of consideration from a party to this action (other than in the capacity of a customer engaged in an arm's length transaction or an expert or consultant strictly in connection with litigation).

19.     *Handling of Designated Material.*  Each recipient of Designated Materials shall maintain such material in a secure, safe area and shall exercise reasonable care with respect to the storage, custody, use, and dissemination of the Designated Material and, in any event, shall exercise no less than the same standard of care with respect to the storage, custody, use, and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.  A party may freely use any material that is independently obtained from a third party or a publicly accessible source of that material without any designation pursuant to this Order or other restriction on use.

## Use of Designated Material with the Court

20.   *Filing Under Seal.*  Designated Materials that are filed with the Court shall be filed under seal in accordance with the Local Rules, including D.C.Colo.LCivR 7.2.

21.   *Filing Redacted Documents.*   Prior to filing any materials under seal, counsel for the filing party must consider the necessity of filing under seal and the option of filing a redacted document in lieu of filing an entire document under seal.  A party filing pleadings under seal shall, upon request, prepare and serve a redacted version of the pleading, specifying the level of confidentiality for each redaction.  This redacted version also shall be available at the Court's request and, if so requested, may be made available by the Court to the public.

22.   *Use of Designated Materials in Court Proceedings.*  Designated Material can be used by any party for any purpose at any pre- or post-trial hearing, or at the trial of this matter.  Any receiving party that knows that it intends to present Designated Material of another party during hearings or at trial, shall first notify the Court and the Designating Party a reasonable amount of time in advance if persons not entitled to receive such information pursuant to the terms of this Order are to be present.  The parties are strongly encouraged to agree on procedures for presenting Designated Materials during hearings or at trial, bearing in mind the policies favoring public attendance at judicial proceedings and minimizing the presentation of Designated Materials in open court.

**Other Provisions**

23.    *Inadvertent Production.*   Inadvertent production of Designated Material without proper designation shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if the disclosing party notifies all other parties in writing.   A party who discovers such inadvertent production may promptly inform all receiving parties in writing and produce replacement copies re-designating such inadvertently produced material.   Receiving parties shall thereafter treat the information in accordance with the new level of designation and return or destroy any copies of material inadvertently produced without the new designation.

24.    *Improper Disclosure.*   If any Designated Material is disclosed to any person other than as authorized by this Order, outside counsel and the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without prejudice to the rights and remedies of the Designating Party, make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

25.    *Designation Not Determinative.*   Designation of documents or other specified information as "Confidential – Outside Counsels' Eyes Only" or "Confidential," or receipt of documents or information so designated, shall not be determinative nor carry with it any presumption that the contents of the documents or the information

specified are entitled to be deemed as such.

26.   *Challenges to Designations.*   A party shall not be obligated to challenge the propriety of a designation of information as "Confidential – Outside Counsels' Eyes Only" or "Confidential" at the time made, and failure to do so shall not preclude a subsequent challenge thereto.   If any party to the action disagrees at any stage of the proceeding with such a designation, that party shall provide to the Designating Party written notice of its disagreement.   The parties shall first try to dispose of such dispute in good faith on an informal basis.   (The parties are strongly encouraged to agree on, *e.g.*, "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular information.)   If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.   The burden of proving that the information has been properly designated is on the party making such designation.

27.   *Request for Redaction.*   Where designation of a document is made at a particular level due to material appearing in only a portion of the document, any receiving party may request the Designating Party to redact such portion and produce a redacted copy of the material without any or at a lower confidentiality designation and the Designating Party will not unreasonably refuse such a request.

28.   *Attorney-Client Privilege and Work-Product Immunity.*   Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work-product doctrine, or materials that are otherwise beyond the scope of permissible discovery.   If information subject to a claim of attorney-

client privilege or work-product doctrine is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced material subject to a claim of work product or privilege, then promptly following that party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. The party returning such information may move the Court for an order compelling production of such information, but the motion shall not assert as a ground for compelling production the fact or circumstances of inadvertent production.

29.   *Third Parties.*   Nothing in this Order shall be construed as requiring production or disclosure of any material or information that is subject to a confidentiality or nondisclosure obligation owed to a third party without providing the third party an opportunity to object. If a Designating Party determines that any otherwise discoverable material or information that it is being asked to produce or disclose is subject to a confidentiality or nondisclosure obligation owed to a third party, it shall:

> a.   promptly identify to the other parties the name and address of the third party whose confidentiality interests are implicated and provide a copy of any court order that may restrict production or disclosure; and

> b.   promptly provide to the third party whose confidentiality interests are implicated:

> > i.   advance notice of its intention to disclose material or

information held under a confidentiality or nondisclosure obligation, and

ii.      a copy of this Stipulated Protective Order; and

c.      unless the third party objects and moves for a protective order from this Court or another court order precludes such production, within ten business days after providing notice under subparagraph (b), the Designating Party shall produce to the other party or parties such material or information in accordance with this Order.

30.     *Effect of Other Court Orders.*  If another court order precludes production of otherwise discoverable materials or information, the party in possession of such materials or information shall seek appropriate relief from that other court order by obtaining the consent of any third party whose confidentiality interests are protected by such order or filing a motion for relief from such order, *e.g.*, allowing for production pursuant to the terms of this Order.

31.     *Requests for Additional Protection.*     Nothing in this Order shall be construed to prevent a Designating Party from seeking or the parties from agreeing in writing to such further provisions regarding confidentiality as may be appropriate.

32.     *Admissibility Objections.*   Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

33.     *Use of Designated Materials.*   Nothing in this Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this

litigation and, in the course thereof, referring to or relying upon examination of Designated Materials, so long as the content of such Designated Materials are not disclosed.  Nothing in this Order shall be construed as precluding a Designating Party from using its own Designated Material for any purpose and from disclosing the material to others, provided, however, that a disclosure or use that is plainly inconsistent with the level of confidentiality designated by such party may waive the protections otherwise afforded Designated Material and/or give rise to grounds by a receiving party to challenge the designation of such material under Paragraph 26.  Nothing in this Order shall prevent a Designating Party from agreeing to release any such material or information from the requirements of this Order.

34.    *Disposition of Designated Material After Final Termination.*  Within 90 days after final determination of this action, all Designated Materials that have been served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, which are in a form that is susceptible of return shall, upon request, be delivered to counsel for the Designating Party.  As an alternative to returning Designated Materials to the Designated Party, the Receiving Party may destroy the Designated materials and certify the destruction to the Designating Party.  The Designating Party or the Court may authorize any party or counsel for a party to retain archival copies of Designated Materials.  In any event, outside counsel of record may retain an archival copy of any Designated Material or documents containing Designated Material consistent with their records retention practices.  Notwithstanding this provision, counsel are entitled to retain

an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to the provisions of this Order.

35. *Continuing Jurisdiction.* This Order shall remain in effect after the final determination of this action and the Court shall retain jurisdiction to enforce this Order, ~~until Termination of this case~~ ~~unless and until this Order is modified by the Court~~

DATED this 23 day of April, 2012.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

By    s/ John McCormack
   John M. McCormack
   Thomas J. Romano
   David C. Bourgeau, III
   KOLISCH HARTWELL, P.C.
   520 S.W. Yamhill Street
   200 Pacific Building
   Portland, Oregon  97204
   Telephone: (503) 224-6655

   Attorneys for Plaintiff NuCompass
   Mobility Services Inc.

By    s/ Michael C. Theis
   Michael C. Theis
   HOGAN LOVELLS US LLP
   One Tabor Center, Suite 1500
   1200 Seventeenth Street
   Denver, Colorado  80202
   Telephone: (303) 899-7327
   Telephone: (303) 454-2409

   Attorneys for Defendant NCompass
   Mobility (S) Pte. Ltd.

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-2604-CMA-MJW

NUCOMPASS MOBILITY SERVICES INC.,
a Delaware corporation,

        Plaintiff,

        v.

NCOMPASS MOBILITY (S) PTE LTD,
a Singapore corporation,

        Defendant.

---

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**UNDERTAKING**

---

I, _____, state the following:

1.    I have been retained by the party _____ to serve as an expert or consultant in the above-captioned action.

2.    I have read and understand the Stipulated Protective Order ("Order") to which this Exhibit A is annexed and I attest to my understanding that access to Designated Material may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. Terms defined in the Order when used in this Undertaking shall have the meanings assigned to them, respectively, in the Order. I agree to be bound by the terms of the Order, both with respect to this

1

Court's powers of supervision of the litigation of the above-captioned action and contractually to any Designating Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Undertaking.

3.     I shall not disclose or reveal to anyone any Confidential Information given to me in connection with being provided access to material designated under the terms of the Order, except those persons permitted to see such information under the terms of the Order.

4.     I shall not use or disclose to others any Designated Material, except for purposes of providing my consulting and/or testifying expertise in this action and then solely in accordance with the Order.

5.     I hereby represent and undertake that I am not and during the preceding 36 months have not been and that no member of my clerical staff who may have access to Designated Materials is or during the preceding 36 months has been:  an officer, director, or employee of, a consultant to, or otherwise the recipient, directly or indirectly, of consideration from a party to this action (other than in the capacity of a customer engaged in an arm's length transaction or an expert or consultant strictly in connection with litigation).

6.     I understand that any clerical employees, including secretaries, paralegals and clerks, who are actually assisting me on this matter will have the same access to Designated Material that I do and be able to make use of the material to the extent necessary to perform their duties for me, and I agree to supervise their handling of the

Designated Material to ensure their compliance with the Order as if they had personally signed this Undertaking.

7.     I understand that, in the event that I fail to abide by the terms of this Undertaking or the Order, I shall be subject to sanctions by way of contempt of court, and to separate legal and equitable recourse by the adversely affected Designating Party.

8.     I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____

Signature

_____

Printed Name

_____

Address

**EXHIBIT B**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-2604-CMA-MJW

NUCOMPASS MOBILITY SERVICES INC.,
a Delaware corporation,

        Plaintiff,

        v.

NCOMPASS MOBILITY (S) PTE LTD,
a Singapore corporation,

        Defendant.

---

**EXHIBIT B TO STIPULATED PROTECTIVE ORDER**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was entered by the United States District Court for the District of Colorado on _____ in the action styled *Nucompass Mobility Services Inc. v. Ncompass Mobility (S) Pte Ltd.* (Case No. 11-cv-2604-CMA-MJW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose or use in any manner,

directly or indirectly, any information or item that is subject to this Stipulated Protective Order except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


DATED: _____


City and State where sworn and signed: _____

Printed Name: _____

Job Title: _____


Signature: _____